**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

**MARIA POWELL,** on behalf of herself and all others similarly situated,

Plaintiff,

**-v.-**

**NEW OCCASION BRANDS, LLC,**

Defendant.

-------------------------------------------------------------x

Case No. __________

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff **MARIA POWELL**, ("Plaintiff" or "Ms. Powell,") individually and on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), by and through her undersigned counsel, **Robert Schonfeld, Esq.** of JOSEPH & NORINSBERG, LLC, brings this action against Defendant, NEW OCCASION BRANDS, LLC ("New Occasion" or "Defendant"), for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*., arising from Defendant's failure to ensure that its ecommerce Websites, **PromGirl.com** and **SimplyDresses.com** are accessible to blind and visually impaired individuals.

## INTRODUCTION

1. Plaintiff **Maria Powell** is a resident of Bronx County and is permanently disabled due to legal blindness. Ms. Powell suffers from **proliferative diabetic retinopathy**, a severe and progressive retinal disease that has caused "**severe and permanent damage to her vision**." Her treating optometrist, Dr. Ralph Paternoster of Park Professional Eyecare in the Bronx, confirms that Ms. Powell "**is legally blind due to proliferative diabetic retinopathy**" and that "there are no available treatments capable of restoring her lost vision." Her condition "meets the criteria for legal blindness under both State and Federal standards," and she is entitled to all protections afforded to individuals who are legally blind. Exhibit A

2. Ms. Powell is a proficient user of screen-reading technology and keyboard navigation, which she relies on to access digital environments independently. Because she cannot visually perceive website content without accessible coding, she depends on websites to provide proper semantic structure, meaningful alternative text, labeled interactive controls, and screen-reader compatible navigation. For blind consumers such as Ms. Powell, screen-reading software is not optional; it is the only means by which they can independently access the internet.

3. In 2026, Ms. Powell had two concrete, time-sensitive reasons for needing to browse and purchase formal apparel online. First, her niece is graduating from high school in **June 2026**, and Ms. Powell wished to purchase an appropriate **graduation-event dress** for herself. Second, she is scheduled to attend a **formal event hosted by Lighthouse Guild** relating to the Meta AI glasses initiative, where visually impaired individuals will be provided with AI-assisted eyewear. For both occasions, Ms. Powell sought to independently browse and evaluate **formal gowns, evening dresses, and graduation-appropriate attire** on Defendant's websites.

4. According to the United States Census Bureau, millions of Americans live with significant visual impairments, including more than two million who are legally blind. In New York alone, hundreds of thousands of residents are blind or visually impaired. Congress enacted the Americans with Disabilities Act to eliminate discrimination against individuals with disabilities and to ensure full integration, independent living, and equal opportunity. These protections extend to digital spaces. The Department of Justice has repeatedly affirmed that the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web.

5. The internet has become an indispensable tool for modern life. It is a primary means of shopping, banking, learning, communicating, and accessing essential goods and services. For blind and visually impaired individuals, equal access to websites is critical to participating in society on equal terms. When websites are not designed to be compatible with screen-reading software,

blind users are excluded from the digital marketplace and denied the independence that sighted users take for granted.

6. Screen-reading software works by converting digital content into synthesized speech or refreshable Braille. For this technology to function, website content must be capable of being rendered into text. Websites that lack alternative text for images, contain unlabeled buttons or links, use improper heading structure, rely on mouse-only interactions, or contain broken ARIA references cannot be interpreted by screen readers. As a result, blind users cannot navigate, understand, or interact with such websites, and are denied equal access to the goods and services offered.

7. The World Wide Web Consortium (W3C) has published the Web Content Accessibility Guidelines (WCAG 2.1), which are widely recognized as the industry standard for accessible website design. These guidelines are followed by major corporations, government agencies, and public institutions to ensure that digital content is accessible to blind and visually impaired users. Compliance with WCAG 2.1 is readily achievable and necessary to provide equal access under the ADA.

8. Plaintiff brings this civil action against **New Occasion Brands, LLC**, the operator of **PromGirl.com** and **SimplyDresses.com** (collectively, the "Websites"), for its failure to design, construct, maintain, and operate its highly interactive retail e-commerce platforms in a manner that is fully accessible to and independently usable by blind and visually impaired individuals. Defendant's denial of full and equal access to its Websites—and therefore to the goods and services offered therein—constitutes a violation of Plaintiff's rights under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

9. On multiple occasions in 2026, Plaintiff attempted to access Defendant's website using screenreader technology in order to research and purchase JLab's wireless and wired earbuds, including specific models marketed for sport, open-ear listening, and active noise cancellation.

Plaintiff's shopping objectives were concrete, personal, and time-sensitive. She intended to review the product descriptions, features, usage information, pricing, and related purchase options for each item before completing a transaction.

10. On multiple occasions in **March and April 2026**, Plaintiff attempted to access Defendant's Websites using screen-reader technology to research and purchase dresses for her niece's graduation and for the Lighthouse Guild formal event. On **PromGirl.com**, she attempted to review specific graduation-appropriate dresses, including items from the "**Graduation Dresses**" collection such as the **Short Ivory Graduation Dress with Lace**, the **Puff-Sleeve Short Ivory Grad Dress**, and the **Cream White Floral Cottagecore Midi Dress**. On **SimplyDresses.com**, she attempted to browse long formal gowns suitable for the Lighthouse Guild event, including the **La Femme Beaded-Lace V-Neck Long Prom Dress**, the **Ladivine Long Formal Dress KV1112**, and the **Amoris Long Formal Dress T822W**.

11. Despite multiple attempts, Plaintiff was unable to independently complete her objectives due to pervasive access barriers. Automated WAVE audits of the exact pages Plaintiff attempted to access revealed **517 Errors** on SimplyDresses.com—including **386 Missing alternative text**, **71 Missing form labels**, **numerous broken ARIA references**, **empty buttons**, and **redundant links**—and **54 Errors** on PromGirl.com, including **48 empty buttons**, **missing alternative text**, **missing form labels**, and **very low contrast** errors. These barriers interfered with screen-reader navigation and prevented Plaintiff from obtaining the same product information available to sighted users. Exhibit B

12. The accessibility barriers were not isolated. They were systemic across the pages Plaintiff attempted to use. For example, the SimplyDresses WAVE report identified "**517 Errors**" and "**120 Contrast Errors**," while the PromGirl WAVE report identified "**54 Errors**" and "**271 Alerts**." These findings confirm that Defendant's Websites are not coded in a manner compatible

with screen-reader technology and deny blind users equal access to the goods and services offered.

13. Defendant operates retail e-commerce platforms through which consumers can browse dresses, review product-specific information, and purchase items directly online. Plaintiff specifically sought out Defendant because of its extensive selection of formal gowns and graduation dresses, which she needed for two upcoming events. As a legally blind consumer, Plaintiff relies on accessible digital interfaces and descriptive labeling to make informed purchasing decisions. Defendant's failure to provide accessible Websites denied her equal access to the goods and services it provides to nondisabled customers.

14. Plaintiff seeks a permanent injunction requiring Defendant to revise its corporate policies, practices, and procedures to ensure that PromGirl.com and SimplyDresses.com become and remain accessible to blind and visually impaired users. Plaintiff remains genuinely interested in purchasing the products offered by Defendant and intends to return to the Websites as soon as they are remediated so that she may independently browse and obtain information about dresses for herself and her family. Without remediation, Plaintiff and other blind consumers remain excluded from equal participation in Defendant's online marketplace.

## **JURISDICTION & VENUE**

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, including Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

16. This Court has supplemental jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal ADA claims.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Bronx County which is within this District, and accessed

Defendant's websites from within this District, and experienced the discriminatory barriers alleged herein in this District. Courts in this Circuit have repeatedly held that venue is proper where the plaintiff experiences the discriminatory denial of access to a website. See, *Velazquez v. Don Roberto Jewelers, Inc.*, No. 1:22-cv-05049 (S.D.N.Y. 2023) (Ramos, J.) (venue proper where plaintiff encountered website barriers in the district); see also *Romero v. 88 Acres Foods, Inc.,* 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022).

18. Defendant is subject to personal jurisdiction in this District because it purposefully directs business activities toward New York consumers through its highly interactive ecommerce websites,  Simply Dresses and Prom Girl, which allows users to browse inventory, review product information, create accounts, and complete purchases. Defendant ships products directly to New York residents and derives substantial revenue from sales to consumers in this State. Courts in this Circuit have consistently held that operators of nationwide ecommerce websites are subject to personal jurisdiction in New York when they purposefully avail themselves of the privilege of conducting business here. See *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018).

19. The United States Department of Justice has repeatedly confirmed that the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web. The DOJ's Guidance on Web Accessibility and the ADA states that the ADA's requirements apply to all services offered by public accommodations, including those offered online

20. This Court is empowered to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES**

21. Plaintiff Maria Powell is, and at all relevant times was, a resident of Bronx County, New York. Ms. Powell is legally blind and a member of the protected class of individuals under the

Americans with Disabilities Act, 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the protections afforded under New York State and New York City law. As confirmed by her treating optometrist, Ms. Powell suffers from advanced proliferative diabetic retinopathy, a permanent condition that severely restricts her visual acuity and visual fields and requires the use of screen-reading software to access digital content independently.

22. Plaintiff is a proficient user of screen-reader technology, including NVDA, and relies on keyboard navigation and accessible coding to browse, understand, and interact with websites. Because she cannot visually interpret printed or digital information without assistive technology, Ms. Powell depends on businesses to design, construct, and maintain their websites in a manner that is compatible with screen-reading software.

23. For Ms. Powell, accessible online shopping is essential to her independence. As a legally blind consumer, she cannot visually browse retail stores or product displays without assistance. She therefore relies heavily on accessible e-commerce websites to research, evaluate, and purchase clothing for herself and her family. This includes formalwear and special-occasion attire, which she must be able to review independently in order to select appropriate styles, colors, sizes, and pricing. When websites lack proper alternative text, labeled controls, or navigable structure, Ms. Powell is unable to obtain the same information available to sighted shoppers and is denied equal access to the digital marketplace.

24. **Upon information and belief, Defendant New Occasion Brands, LLC** is a limited liability company organized under the laws of a state other than New York, with its principal place of business located outside New York State. Defendant owns, operates, and controls the commercial retail e-commerce websites **www.promgirl.com** and **www.simplydresses.com** (collectively, the "Websites"), through which it markets, displays, and sells dresses, gowns, and special-occasion apparel to consumers throughout the United States, including residents of New York. Defendant

derives substantial revenue from interstate commerce and transacts business within this District by offering its products for direct online purchase and shipment to New York consumers.

## STATEMENT OF FACTS

### *Plaintiff's Attempts to Access Defendant's Websites*

25. Between March 1, 2026, and April 25, 2026, Plaintiff Maria Powell attempted on three separate occasions to access Defendant's retail e-commerce websites, **www.promgirl.com** ("PromGirl") and **www.simplydresses.com** ("Simply Dresses"), using the NVDA screen reader on her home computer in the Bronx. Plaintiff visited these Websites for the specific purpose of browsing and purchasing dresses for two upcoming events: (a) her niece's **June 2026 high-school graduation**, and (b) a **formal Lighthouse Guild event** relating to the Meta AI glasses initiative, where visually impaired individuals will be provided with AI-assisted eyewear.

26. On **March 1, 2026**, Plaintiff navigated to the **PromGirl "Graduation Dresses"** collection page to review dresses appropriate for her niece's ceremony and the family celebration afterward. Plaintiff attempted to examine specific items including the **Short Ivory Graduation Dress with Lace**, the **Puff-Sleeve Short Ivory Grad Dress**, and the **Cream White Floral Cottagecore Midi Dress**, intending to compare styles, colors, sizes, and pricing.

27. Plaintiff sought to review product names, descriptions, prices, available color options, and sizing information. She also attempted to use the filter controls to narrow the selection by style, length, and color. However, the **WAVE report for PromGirl** identified **54 Errors**, including **48 empty buttons**, **missing alternative text**, **missing form labels**, **very low contrast**, and **ARIA structural failures**. These technical defects manifested in concrete barriers for Plaintiff:

> Product images were announced only as "image" with no meaningful alternative text, depriving Plaintiff of information about dress style, neckline, silhouette, or color.

> Filter controls were coded with ARIA attributes but lacked proper form labels, causing NVDA to announce them inconsistently or not at all.
>
> Repeated empty buttons and unlabeled interactive elements caused NVDA's focus to jump unpredictably, preventing Plaintiff from understanding how many dresses were available or how to navigate the product grid.
>
> The page contained **271 Alerts**, including redundant links and skipped heading levels, which further disrupted screen-reader navigation.

Because of these barriers, Plaintiff could not reliably navigate the PromGirl graduation-dress collection, could not determine which dresses were suitable for her niece's event, and could not select any product for further review.

28. On **March 22, 2026**, Plaintiff returned to Defendant's Websites, this time visiting **SimplyDresses.com** to browse long formal gowns appropriate for the Lighthouse Guild event. Plaintiff attempted to review specific dresses including the **La Femme Beaded-Lace V-Neck Long Prom Dress**, the **Ladivine Long Formal Dress KV1112**, the **Amoris Long Formal Dress T822W**, and similar items displayed on the "Long Formal Dresses and Evening Gowns" collection page.

29. Plaintiff intended to review product descriptions, fabric details, color options, sizing, pricing, and shipping information. She also attempted to compare multiple dresses to determine which would be appropriate for a formal evening event attended by blind and visually impaired individuals.

30. During this visit, Plaintiff encountered pervasive accessibility barriers that prevented her from independently evaluating any of the dresses. The **WAVE report for SimplyDresses.com** identified an extraordinary **517 Errors**, including:

- **386 Missing alternative text**
- **71 Missing form labels**
- **Numerous broken ARIA references**
- **Empty buttons**
- **Redundant links**

- **120 Contrast Errors**
- **226 Alerts**

These failures translated into specific functional barriers:

- Nearly all product images lacked alternative text, causing NVDA to announce them only as "image," depriving Plaintiff of any information about dress style, silhouette, or color.
- Filter controls for size, color, designer, and price were unlabeled or improperly coded, making them unusable with a screen reader.
- Product cards were announced as a confusing sequence of unlabeled links, repeated "Learn More" links, and partially announced text.
- Skipped heading levels and improper ARIA roles caused NVDA to jump unpredictably between sections, preventing Plaintiff from forming a coherent mental map of the page.
- Contrast errors and missing focus indicators made keyboard navigation inconsistent and disorienting.

Because of these barriers, Plaintiff was unable to determine which dresses were appropriate for the Lighthouse Guild event, could not compare styles or prices, and could not select any dress for purchase.

31. On **April 25, 2026**, Plaintiff made a third attempt to use Defendant's Websites to finalize her dress selections for both events. She again attempted to navigate the PromGirl graduation-dress collection and the Simply Dresses formal-gown collection. The same barriers persisted. Plaintiff was unable to identify product details, activate purchase controls, or complete a transaction.

***Systemic Barriers Confirmed by WAVE***

32. The WAVE reports confirm that the barriers Plaintiff encountered were not isolated to a single page but were **systemic across both Websites**. The Simply Dresses report identified **517 Errors** and **120 Contrast Errors**, while the PromGirl report identified **54 Errors** and **271 Alerts**. These findings demonstrate that Defendant's Websites are not designed, constructed, maintained,

or operated in a manner compatible with screen-reader technology.

33. The combination of missing alternative text, unlabeled and orphaned form controls, broken ARIA references, improper heading structure, contrast failures, empty buttons, and redundant links prevents blind users from perceiving, navigating, and interacting with the Websites on equal terms with sighted users.

34. Plaintiff's injuries are concrete, particularized, and ongoing. Plaintiff attempted to access Defendant's Websites **for the specific purpose of purchasing dresses** for two imminent events: her niece's June 2026 graduation and the Lighthouse Guild formal event. Her shopping objectives were personal, time-sensitive, and tied to specific products she attempted to review.

35. Plaintiff remains highly interested in purchasing dresses from Defendant and intends to return to the Websites as soon as they are made accessible. Her intent to return is credible because:

- She continues to require formalwear for upcoming family and community events.
- Defendant offers a large selection of dresses not widely available in physical stores.
- She has no alternative means of independently evaluating these products without an accessible website.
- She has demonstrated a history of attempting to access the Websites for the purpose of making a purchase.

36. Defendant's ongoing operation of inaccessible Websites deters Plaintiff from attempting to use them again until they are remediated. Plaintiff's injury is ongoing because Defendant has no policy or plan to ensure accessibility, and the barriers she encountered remain uncorrected.

37. Defendant's failure to design, construct, maintain, and operate its Websites in a manner compatible with screen-reader technology constitutes discrimination under Title III of the ADA. Defendant's inaccessible Websites deny blind consumers equal access to the goods and services it offers to the general public and prevent blind users from participating in the digital

marketplace on equal terms.

38. These findings corroborate Plaintiff's lived experience: Defendant's Websites are not designed, constructed, maintained, or operated in a manner that is compatible with screenreader technology. The combination of missing alternative text, unlabeled and orphaned form controls, broken ARIA references, improper heading structure, contrast failures, and redundant or generic links prevents blind users from perceiving, navigating, and interacting with the Websites on equal terms with sighted users.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks certification of a nationwide class consisting of:

40. All legally blind individuals in the United States who have attempted to access **www.promgirl.com** and **www.simplydresses.com** and, as a result of Defendant's failure to design, construct, maintain, and operate the Websites in an accessible manner, were denied equal access to the goods, services, and information offered thereon.

41. Plaintiff also seeks certification of a New York subclass consisting of:

All legally blind individuals residing in the State of New York who have attempted to access **www.promgirl.com** and **www.simplydresses.com** and were denied equal access to the goods, services, and information offered thereon.

42. The members of the Class and Subclass are so numerous that joinder of all members is impracticable. Defendant operates a nationwide ecommerce platform and markets its earbuds and audio products to consumers throughout the United States. Upon information and belief, thousands of blind and visually impaired individuals have attempted to access the Websites and have been denied equal access due to the systemic accessibility barriers confirmed by WAVE audits.

43. Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual members. These common questions include, but are not limited to:

- Whether Defendant's Websites contains accessibility barriers that prevent blind individuals from accessing its goods and services;
- Whether Defendant's failure to make its Websites accessible violates Title III of the ADA;
- Whether Defendant's failure to maintain accessible digital content violates New York State and New York City disability rights laws;
- Whether Defendant's conduct constitutes ongoing discrimination against blind consumers; and
- Whether injunctive relief is warranted to require Defendant to bring its Websites into compliance with WCAG 2.1.

44. Plaintiff's claims are typical of the claims of the Class and Subclass because Plaintiff, like all members of the Class, is legally blind, uses screenreading software, and was denied equal access to Defendant's Websites due to the same systemic accessibility barriers identified in the WAVE reports.

45. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass. Plaintiff has retained counsel experienced in ADA litigation, class actions, and digital accessibility matters.

46. Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass, making final injunctive relief appropriate with respect to the Class as a whole. Defendant continues to operate inaccessible Websites without any policy, plan, or practice to ensure accessibility, thereby subjecting all blind users to the same discriminatory barriers.

47. Certification under Rule 23(b)(2) is appropriate because Defendant has failed to design, construct, maintain, and operate its Websites in compliance with WCAG 2.1, and because Defendant's actions apply generally to all blind individuals who attempt to use the Websites. Declaratory and injunctive relief is the only appropriate remedy to ensure equal access for Plaintiff and the Class.

**FIRST CAUSE OF ACTION**
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.)***

48. Plaintiff, **MARIA POWELL**, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

49. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

50. Defendant's Website, **www.promgirl.com** and **www.simplydresses.com** are a service of a place of public accommodation and a digital gateway through which Defendant offers goods, services, privileges, and advantages to the general public. As such, the Websites must be equally accessible to all consumers, including blind and visually impaired individuals who rely on screen-reading technology.

51. Defendant has failed to design, construct, maintain, and operate its websites in a manner that is fully accessible to blind and visually impaired individuals, in violation of Title III of the ADA and its implementing regulations.

52. Defendant's websites contains numerous accessibility barriers—including missing alternative text, broken ARIA references, unlabeled buttons, inaccessible pop-ups, improper heading structure, and aria-hidden focusable content—that prevent blind users from perceiving, navigating, and interacting with the website.

53. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

54. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also

includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

55. The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits her major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Websites, **www.promgirl.com** and **www.simplydresses.com** has not been provided services that are provided to other patrons who are not disabled; and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct, as the violations are ongoing. Upon information and belief, Defendant has received prior notice of these accessibility anomalies through consumer complaints, automated audit findings, and industry-standard compliance tools. Despite this notice, Defendant has failed to implement WCAG-compliant remediation, demonstrating a pattern of disregard for its obligations under federal law.

56. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

**SECOND CAUSE OF ACTION**
**(New York State Human Rights Law)**
**(“NYSHRL”)**

57. Plaintiff, **MARIA POWELL,** on behalf of herself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

58. At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

59. Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

60. Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Websites, **www.promgirl.com** and **www.simplydresses.com** within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

61. Plaintiff has visited the Websites on a number of occasions and has encountered barriers to her access that exist.

62. Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

63. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y.

Executive Law § 296(2)(a), § 296(2)(c)(i).

64. Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating websites that are inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Websites in order to make accessibility features of these sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Websites when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

65. The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

66. Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business

entities and government agencies to ensure websites are accessible.

67. Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

68. Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

69. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

70. Plaintiff repeats and realleges every allegation contained in the foregoing paragraphs as if fully set forth herein.

71. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes Defendant denies, that Defendant's websites contains access barriers denying blind customers full and equal access to the products, services, and facilities offered throughout the websites.

72. A judicial declaration is necessary and appropriate at this time so that the parties may know their respective rights and duties and act accordingly.

## THIRD CAUSE OF ACTION
**(Violation of New York State Civil Rights Law)**
**("NYCRL")**

73. Plaintiff, **MARIA POWELL,** on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

74. Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Notice to Attorney General)

75. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

76. No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

77. § 292 of Article 15 of the N.Y. Executive Law deems a disability, a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

78. Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Websites, **www.promgirl.com** and **www.simplydresses.com** are places of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

79. Defendant intentionally and willfully failed to remove the barriers on their Websites, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

80. Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

81. Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court

of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id..*.

82. Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

**FOURTH CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

83. Plaintiff, **MARIA POWELL.** on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

84. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

85. Defendant is subject to NYCHRL because it owns and operates the Websites, **www.promgirl.com** and **www.simplydresses.com** making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

86. Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Websites, causing**www.promgirl.com** and **www.simplydresses.com** and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

87. Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

88. Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

a. constructed and maintained Websites that are inaccessible to blind class members with knowledge of the discrimination; and/or

b. constructed and maintained Websites that are sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

89. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

90. As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Websites under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

91. Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the

right to injunctive relief to remedy the discrimination.

92. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

93. Plaintiff is also entitled to reasonable attorneys' fees and costs.

94. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**<u>FIFTH CAUSE OF ACTION</u>**
**(Declaratory Relief)**

95. Plaintiff, **MARIA POWELL**, on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

96. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that their Websites contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Websites, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

97. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

- A preliminary and permanent injunction prohibiting Defendant from violating Title III of the ADA, 42 U.S.C. § 12182 et seq.;

- A preliminary and permanent injunction requiring Defendant to take all steps necessary to make **www.promgirl.com** and **www.simplydresses.com** fully accessible to and usable by blind and visually impaired individuals, including through adoption and maintenance of WCAG-conforming accessibility measures;
- A declaration that Defendant owns, maintains, controls, and/or operates its websites in a manner that discriminates against blind individuals and fails to provide equal access as required by law;
- An order certifying the proposed Class and New York Subclass under Fed. R. Civ. P. 23, appointing Plaintiff as Class Representative, and appointing her counsel as Class Counsel;
- An award of costs, litigation expenses, and reasonable attorneys' fees to the fullest extent permitted by law; and
- Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
May 11, 2026

Respectfully submitted,
JOSEPH & NORINSBERG LLC
Attorneys for Plaintiff
By: */s/ Robert L. Schonfeld*
ROBERT L. SCHONFELD, ESQ.
825 Third Avenue, Suite 2100
New York, New York 10022
(212) 227-5700
rschnnfeld@employeejustice.com